**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE JAMES MADISON PROJECT<br>1250 Connecticut Avenue, NW<br>Suite 200<br>Washington, D.C. 20036<br><br>and<br><br>Noah Shachtman<br>The Daily Beast<br>555 W 18th Street<br>Fifth Floor<br>New York, NY 10011<br><br>    Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, NW<br>Washington, D.C. 20530-0001<br><br>and<br><br>DEPARTMENT OF HOMELAND<br>SECURITY<br>STOP-0655<br>245 Murray Lane, SW<br>Washington, D.C. 20528-0655<br><br>    Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Civil Action No. 17-390 |

**COMPLAINT**

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., as amended, for the disclosure of agency records withheld from the plaintiffs The James Madison Project and Noah Shachtman by the defendants Department of Justice and Department of Homeland Security (as well as their subordinate entities).

**JURISDICTION**

1. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

**VENUE**

2. Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

**PARTIES**

3. Plaintiff The James Madison Project ("JMP") is a non-partisan organization established in 1998 to promote government accountability and the reduction of secrecy, as well as educating the public on issues relating to intelligence and national security. It maintains a website at www.JamesMadisonProject.org.

4. Plaintiff Noah Shachtman ("Shachtman") currently serves as the Executive Editor of The Daily Beast, and is a representative of the news media.

5. Defendant Department of Justice ("DOJ") is an agency within the meaning of 5 U.S.C. § 552 (e), and is in possession and/or control of the records requested by the plaintiffs that are the subject of this action. DOJ controls – and consequently serves as the proper party defendant for litigation purposes for – the Office of Legal Counsel ("OLC").

6. Defendant Department of Homeland Security ("DHS") is an agency within the meaning of 5 U.S.C. § 552 (e), and is in possession and/or control of the records requested by the plaintiffs that are the subject of this action. DHS controls – and consequently serves as the proper party defendant for litigation purposes for – the Transportation Security Administration ("TSA"), Customs and Border Protection ("CBP"), Immigration and Customs Enforcement ("ICE"), and U.S. Citizenship and Immigration Services ("USCIS").

## FACTUAL BACKGROUND

7. This lawsuit is brought under the Freedom of Information Act ("FOIA"). It seeks the disclosure of records that will shed light on the degree to which (if at all) the defendant federal agencies were consulted both prior and subsequent to the implementation of the so-called "Muslim Ban". The requested records will also provide the public with clarity concerning the extent to which Members of Congress were consulted both prior and subsequent to the implementation of the "Muslim Ban".

8. For context, President Trump issued an Executive Order on January 27, 2017, entitled "Protecting the Nation from Foreign Terrorist Entry into the United States". *https://www. nytimes.com/2017/01/27/us/politics/refugee-muslim-executive-order-trump.html?mtrref=www.nytimes.com&gwh=B456165D1D10E39DE6FBC6134CD77963&gwt=pay* (last accessed January 30, 2017). The Executive Order suspended the U.S. Government refugee program, indefinitely barred Syrian refugees, and temporarily barred entry into the United States foreign nationals from seven countries. *https://www.nytimes.com/2017/01/29/us/trump-refugee-ban-muslim-executive-order.html?_r=0* (last accessed January 30, 2017).

9. In the aftermath of the issuance of the Executive Order, chaos erupted at U.S. airports on January 28, 2017, as hundreds of individuals were detained and prevented from entering the United States despite holding valid entry paperwork. By the evening of January 29, 2017, at least four different U.S. district court judges had issued emergency injunctions preventing the U.S. Government from deporting individuals who had been detained pursuant to the Executive Order. *http://edition.cnn.com/2017/01/28/politics/donald-trump-executive-order-immigration-reaction/index.html* (last accessed

January 30, 2017).

10. Countless lawyers raced to the various U.S. airports to prove pro bono legal services to those who were impacted by the new entry restrictions. *https://www.yahoo.com/news/trump-travel-ban-galvanizes-young-lawyers-action-023327562.html* (last accessed January 30, 2017). Despite the issuance of the emergency stays by the different federal judges, reports emerged of CBP officials refusing to comply with the court orders. *http://www.thedailybeast.com/articles /2017/01/29/trump-s-border-patrol-defies-judge-u-s-senator-at-dulles-airport-at-his-first-constitutional-crisis-unfolds.html* (last accessed January 31, 2017); *http://www.huffingtonpost. com/entry/dulles-airport-feds-violated-court-order_us_588d7274e4b08a14f7e67bcf* (last accessed January 31, 2017). On February 4, 2017, the Department of Homeland Security stated that it would stop enforcing the Executive Order. *http://www.cnn.com/2017/02/03/politics /federal-judge-temporarily-halts-trump-travel-ban-nationwide-ag-says/* (last accessed March 2, 2017).

## COUNT ONE (DOJ OLC)

11. The plaintiffs, JMP and Shachtman (referred to jointly as "the Requesters"), repeat and reallege the allegations contained in paragraphs 7 through 10 above, inclusive.

12. By letter dated January 31, 2017, the Requesters submitted to DOJ OLC a FOIA request.

13. The FOIA request specifically sought copies of records, including cross-references, memorializing the following:

1) Any records memorializing discussions between DOJ OLC staff and private staff, Presidential transition staff, and/or White House staff of President Donald J. Trump ("President Trump") regarding the legality of (and recommended means of implementing) an Executive Order barring entry of certain categories of foreign nationals based strictly on their nationality, including, but not limited to, individuals who qualify as refugees, U.S. legal permanent residents, and holders of a valid U.S. visa;

2) Any records memorializing discussions between DOJ OLC staff and other Federal agencies regarding an Executive Order that falls within the scope of category #1, including, but not limited to, issues of legality and implementation;

3) Any records memorializing discussions among DOJ OLC staff regarding an Executive Order that falls within the scope of category #1, including, but not limited to, issues of legality and implementation;

4) Any records memorializing discussions between DOJ OLC staff and Members of Congress (as well as Congressional staff members) regarding an Executive Order that falls within the scope of category #1, including, but not limited to, issues of legality and implementation;

5) Any records memorializing final determinations by DOJ OLC staff regarding the extent to which an Executive Order that falls within the scope of category #1 would apply to U.S. citizens who hold dual citizenship; and

6) Any records memorializing final determinations by DOJ OLC staff regarding the legality of an Executive Order that falls within the scope of category #1.

14. The Requesters clarified that the scope of information outlined in paragraph 13 should encompass discussions and final determinations that occurred both prior and subsequent to President Trump's signing of the Executive Order on January 27, 2017. The Requesters also asked that DOJ OLC use, but not limit itself to, the search terms "religious test", "Christian ban", "Jewish ban", and "Muslim ban".

15. The Requesters stated that DOJ OLC could limit the timeframe of its searches from November 8, 2016, up until the date upon which DOJ OLC began conducting searches for responsive records. The Requesters further clarified that the scope of DOJ

OLC's search should not be limited to DOJ OLC-originated records.

16. In the FOIA request, the Requesters pre-emptively waived any objection to the redaction of the names of any U.S. Government officials below a GS-14 position or whom otherwise were not acting in a supervisory position. The Requesters similarly waived any objection to redactions of the names of any U.S. Government contractors in a position of authority similar to that of a GS-13 series civilian employee or below.

17. In terms of all other third parties who work for the U.S. Government and whose names appear in records responsive to this request, the Requesters explained in detail that the privacy interests of those individuals have been diminished by virtue of their involvement in one or more of the U.S. Government functions described above as falling within the scope of the FOIA request. Relying upon the public interest aspect outlined regarding third party privacy interests, the Requesters stated that they were also seeking a waiver of fees or, at a minimum, a reduction in fees, as well as expedited processing.

18. To date, no substantive response has been received by the Requesters from DOJ OLC. The Requesters have constructively exhausted all required administrative remedies.

19. The Requesters have a legal right under the FOIA to obtain the information they seek, and there is no legal basis for the denial by DOJ OLC of said right.

## **COUNT TWO (DHS)**

20. The Requesters repeat and reallege the allegations contained in paragraphs 7 through 10 above, inclusive.

21. By letter dated January 31, 2017, the Requesters submitted to DHS a FOIA request.

22. The Requesters repeat and reallege the allegations contained in paragraphs 13 through 17, as the scope of the FOIA request submitted to DHS, as well as the issues of third party privacy interests, fee waiver and expedited processing, were addressed in identical fashion in the DOJ OLC request.

23. By letter dated February 6, 2017, DHS acknowledged receipt of the FOIA request and assigned it Request Number 2017-HQFO-00302. In its letter, DHS stated that it was granting a fee waiver and expedited processing.

24. To date, no substantive response has been received by the Requesters from DHS. The Requesters have constructively exhausted all required administrative remedies.

25. The Requesters have a legal right under the FOIA to obtain the information they seek, and there is no legal basis for the denial by DHS of said right.

## COUNT THREE (TSA)

26. The Requesters repeat and reallege the allegations contained in paragraphs 7 through 10 above, inclusive.

27. By letter dated January 31, 2017, the Requesters submitted to TSA a FOIA request.

28. The Requesters repeat and reallege the allegations contained in paragraphs 13 through 17, as the scope of the FOIA request submitted to TSA, as well as the issues of third party privacy interests, fee waiver and expedited processing, were addressed in identical fashion in the DOJ OLC request.

29. By letter dated February 7, 2017, TSA acknowledged receipt of the FOIA request and assigned it Request Number 2017-HQFO-00326. In its letter, TSA stated that it was granting a fee waiver.

30. To date, no substantive response has been received by the Requesters from TSA. The Requesters have constructively exhausted all required administrative remedies.

31. The Requesters have a legal right under the FOIA to obtain the information they seek, and there is no legal basis for the denial by TSA of said right.

## **COUNT FOUR (CBP)**

32. The Requesters repeat and reallege the allegations contained in paragraphs 7 through 10 above, inclusive.

33. By letter dated January 31, 2017, the Requesters submitted to CBP a FOIA request.

34. The Requesters repeat and reallege the allegations contained in paragraphs 13 through 17, as the scope of the FOIA request submitted to CBP, as well as the issues of third party privacy interests, fee waiver and expedited processing, were addressed in identical fashion in the DOJ OLC request.

35. By letter dated February 22, 2017, CBP acknowledged receipt of the FOIA request and assigned it Request Number 2017-HQFO-00426. In its letter, CBP stated that it was granting a fee waiver and expedited processing.

36. To date, no substantive response has been received by the Requesters from CBP. The Requesters have constructively exhausted all required administrative remedies.

37. The Requesters have a legal right under the FOIA to obtain the information they seek, and there is no legal basis for the denial by CBP of said right.

## **COUNT FIVE (ICE)**

38. The Requesters repeat and reallege the allegations contained in paragraphs 7 through 10 above, inclusive.

39. By letter dated January 31, 2017, the Requesters submitted to ICE a FOIA request.

40. The Requesters repeat and reallege the allegations contained in paragraphs 13 through 17, as the scope of the FOIA request submitted to ICE, as well as the issues of third party privacy interests, fee waiver and expedited processing, were addressed in identical fashion in the DOJ OLC request.

41. By letter dated February 13, 2017, ICE acknowledged receipt of the FOIA request and assigned it Request Number 2017-HQFO-00334. In its letter, ICE stated that it was granting a fee waiver and expedited processing.

42. To date, no substantive response has been received by the Requesters from ICE. The Requesters have constructively exhausted all required administrative remedies.

43. The Requesters have a legal right under the FOIA to obtain the information they seek, and there is no legal basis for the denial by ICE of said right.

## COUNT SIX (USCIS)

44. The Requesters repeat and reallege the allegations contained in paragraphs 7 through 10 above, inclusive.

45. By letter dated January 31, 2017, the Requesters submitted to USCIS a FOIA request.

46. The Requesters repeat and reallege the allegations contained in paragraphs 13 through 17, as the scope of the FOIA request submitted to USCIS, as well as the issues of third party privacy interests, fee waiver and expedited processing, were addressed in identical fashion in the DOJ OLC request.

47. By letter dated February 2, 2017, USCIS acknowledged receipt of the FOIA request and assigned it Request Number 2017-HQFO-00282. In its letter, USCIS stated that it was granting a fee waiver and expedited processing.

48. To date, no substantive response has been received by the Requesters from USCIS. The Requesters have constructively exhausted all required administrative remedies.

49. The Requesters have a legal right under the FOIA to obtain the information they seek, and there is no legal basis for the denial by USCIS of said right.

WHEREFORE, plaintiffs The James Madison Project and Noah Shachtman pray that this Court:

(1) Order the defendant federal agencies to disclose the requested records in their entirety and make copies promptly available to the plaintiffs;

(2) Award reasonable costs and attorney's fees as provided in 5 U.S.C. § 552(a)(4)(E) and/or 28 U.S.C. § 2412 (d);

(4) expedite this action in every way pursuant to 28 U.S.C. § 1657 (a); and

(5) grant such other relief as the Court may deem just and proper.

Date: March 3, 2017

Respectfully submitted,

/s/
_____
Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, Esq.
D.C. Bar #440532
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20036
(202) 454-2809
(202) 330-5610 fax
Brad@MarkZaid.com
Mark@MarkZaid.com

Attorneys for Plaintiffs